A02A1277. IN THE INTEREST OF R. W., a child.
(571 SE2d 485)

MILLER, Judge.

R. W. appeals the order of the juvenile court finding that he committed delinquent acts which would constitute the crime of theft by receiving stolen property if he were an adult. We affirm for the reasons set forth below.

In considering an appeal from an adjudication of delinquency, we view the evidence in the light most favorable to the prosecution to determine if a rational trier of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. *In the Interest of D. S.*, 239 Ga. App. 608 (521 SE2d 661) (1999). The evidence is considered under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), with all reasonable inferences construed in favor of the juvenile court's findings. *In the Interest of J. D.*, 243 Ga. App. 644 (534 SE2d 112) (2000).

So viewed, the record shows that 81-year-old Annette Gray lived in a four-unit apartment building in Chatham County. Sixteen-year-old R. W. lived with his mother in a downstairs apartment in the same building. On October 26, 2001, Gray came home and was preparing to climb the stairs to her apartment when a male emerged from an adjacent storage closet, pushed Gray down to the floor, and grabbed her purse. Gray was unable to see the male's face, which was hidden behind "something white," although she described him as tall and thin.

A few days after the incident, R. W.'s mother found a black purse under some clothes in a laundry basket in R. W.'s bedroom. Inside the purse was a checkbook with Gray's name on it. R. W.'s mother called

the police. A detective interviewed R. W. and his mother at their apartment. R. W. told the detective he knew that the purse was in his room and that he knew it was stolen, but that "Alfred," not he, had stolen it. In later interviews with police, R. W. again admitted that he knew the purse was stolen and that it was in his room, but he now identified his friend Jerrell as the perpetrator. At trial, R. W. testified that Jerrell admitted to stealing the purse. R. W. also testified that he knew the purse was stolen and that it was in his room, but he denied ever touching it.

> A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control or lending on the security of the property.

OCGA § 16-8-7 (a).

Considering the foregoing, we find that a rational trier of fact could conclude that R. W. had knowingly come into possession of the stolen purse, and that R. W. committed an act which, if he were an adult, would constitute the crime of theft by receiving.

In his sole enumeration of error, R. W. contends that the juvenile court erred in finding, beyond a reasonable doubt, that R. W. possessed the purse and that, as a result, its declaration that R. W. was delinquent was also erroneous. He argues that it cannot be presumed that the contraband found in a minor's room was possessed by the minor, and that any such presumption, if it did exist, could be rebutted by a showing of equal access by others, especially access by the principal thief.

> To make an affirmative showing of equal access, it is not enough to show that others might have had equal access but it must affirmatively appear that others did have equal access. It is not necessary that the state remove every possibility of the defendant's innocence, but only that the evidence be sufficient to convince the rational trier of fact of the defendant's guilt beyond a reasonable doubt.

(Citations omitted.) *Valenzuela v. State*, 157 Ga. App. 247, 250 (2) (277 SE2d 56) (1981).

We are unpersuaded by R. W.'s contentions. First, the purse was hidden in R. W.'s bedroom, a place where a 16-year-old minor would have some degree of control and privacy, even if not to the same extent as an adult might. Second, no evidence showed that his friend Jerrell lived in R. W.'s household. Jerrell may have had some access

to R. W.'s room, but the trial court was under no obligation to find that it was equal access. In contrast to cases such as *Gee v. State*, 121 Ga. App. 41, 42 (172 SE2d 480) (1970), where the accused contended they had no knowledge of the contraband they were accused of possessing, R. W. freely admitted the he knew the stolen purse was hidden in his bedroom. Furthermore, R. W. argues that Jerrell stole the purse as if it were an established fact, but this was not the case. R. W. testified that Jerrell admitted that he stole the purse, but the juvenile court could have disbelieved R. W.'s testimony, particularly since it contradicted his initial statements to police. "Decisions as to the credibility of witnesses are in the province of the trial court. . . ." (Citation and punctuation omitted.) *In the Interest of J. L.*, 229 Ga. App. 447, 449 (1) (494 SE2d 274) (1997). The juvenile court may have also believed that both Jerrell and R. W. were involved in the theft, or believed that Jerrell was the sole original thief but that R. W. became involved after the fact, all of which could be supported by the evidence and all of which would have justified the adjudication of delinquency.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 19, 2002.

*Thomas J. Gustinella*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jeffrey S. Hendrix, Patricia P. Stone, Assistant District Attorneys*, for appellee.