## A02A1895. BEVIS v. THE STATE.
(576 SE2d 652)

BARNES, Judge.

Kenneth Edward Bevis appeals his conviction for violating the Georgia Controlled Substances Act by possessing cocaine, arguing that the evidence was insufficient. He also argues that the trial court erred in declining to give his jury charge on equal access. For the reasons that follow, we affirm.

1. We view the evidence on appeal in the light most favorable to the verdict and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in the light most favorable to the verdict, the evidence at trial established that a police officer on patrol saw Bevis's truck

---

[4] *Burgos v. State*, 233 Ga. App. 897, 902 (3), n. 2 (505 SE2d 543) (1998).
[5] See OCGA § 16-5-24 (a), (b), (h).
[6] *Graham v. State*, 266 Ga. 543, 544 (4) (468 SE2d 363) (1996).

stopped in the middle of a two-lane road. A woman standing very close to the open passenger window looked at the officer and immediately walked away, and the truck drove off. The officer followed the truck and pulled it over after it made an incomplete stop at a stop sign. When the two vehicles stopped, the officer testified that he could see the driver and passenger moving around and bending down inside the truck as if they were trying to hide something. The officer checked the occupants' identifications and discovered that the driver, Bevis, had a suspended license.

When the officer went back to the truck to arrest Bevis, he and his passenger were both leaning over flipping a rug or blanket over the middle of the seat as if to hide something. The officer removed Bevis from the truck, cuffed him, and placed him in the patrol car and then called for backup. The backup officer appeared and took charge of the passenger. The first officer looked in the truck to see what the two had been hiding and found a syringe on the seat between where they had been sitting. He then read Bevis his *Miranda* rights, and Bevis agreed to speak, volunteering that he had picked up his passenger about 15 minutes earlier and, upon her request, drove her to Pearl Street to buy some crack cocaine. Bevis thought the female who had been standing by the truck when the officer drove up sold his passenger a $10 rock of crack cocaine. When asked what drugs were in the vehicle, Bevis replied there was a crack pipe and rock on the floorboard under the mat. The officer found the pipe on the driver's side floorboard, and the backup officer found what appeared to be a rock of crack cocaine near the same spot.

A forensic chemist with the state crime lab testified that, while the suspected crack rock was consistent in color and size with cocaine, it was counterfeit and contained no contraband substances. The pipe, however, tested positive for cocaine residue.

We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Bevis guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Bevis contends that the trial court erred in not giving his equal access charge. Bevis initially submitted two equal access charges; the State responded that it did not object to such a charge but requested the pattern charge. Bevis subsequently withdrew his second request to charge, and the trial court held that the first request to charge on equal access was not adjusted to the evidence. The court did give the pattern charge on equal access.

Bevis's requested equal access charge provided:

The equal access rule is as follows: If the only evidence of possession of contraband found in an automobile is that the

defendant is the owner, driver, or is in possession of the vehicle, and there is evidence of prior use of the vehicle by other parties in the recent past, or equal access to the accessible portions of the vehicle by other parties, then the prior possession or equal access rule would demand an acquittal. However, if there is additional evidence of possession of the contraband by the accused — either circumstantial or direct, other than mere ownership, use or possession of the vehicle, then an issue is made for the jury.

Bevis corrected his citation for this proposition during the charge conference, citing *Brown v. State*, 245 Ga. App. 149 (537 SE2d 421) (2000), rev'd on other grounds, 274 Ga. 31 (549 SE2d 107) (2001), as authority for the charge.

"The equal access rule, entitling a defendant to acquittal where evidence is presented that others had equal access to a vehicle or that the vehicle had been recently used by others, applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle." (Citation, punctuation and emphasis omitted.) *Newman v. State*, 216 Ga. App. 73, 75 (3) (453 SE2d 117) (1995). Bevis's ownership or possession of the truck is not the sole evidence that he possessed the crack pipe found there; he admitted to the police officer that he had driven his passenger to buy crack and the officer saw him bending over and moving around as if he were hiding something. In any event, it is not error not to charge in the exact language of a requested charge if the principles of law embodied in the request are, as in this case, included in the charge given. *Anderson v. State*, 231 Ga. App. 807, 811 (3) (b) (499 SE2d 717) (1998). Therefore, the trial court did not err in refusing to give Bevis's requested charge.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JANUARY 22, 2003.

*Michael A. Zoffmann, James W. Maher*, for appellant.
*Patrick H. Head, District Attorney, Philip A. Holloway, Amy H. McChesney, Assistant District Attorneys*, for appellee.