## A04A0782. DOWDY v. THE STATE.
### (600 SE2d 684)

ADAMS, Judge.

Jameel Laquent Dowdy appeals his conviction and sentence on several charges arising from a traffic stop. He contends the evidence was insufficient to support the verdict.

Construed in favor of the verdict, the evidence shows that on August 15, 2001, Dowdy learned that his friend Dexter Smith had a flat tire and needed assistance in Colbert. So, Dowdy drove his grandmother's car from his residence in Athens to Colbert and along the way picked up another friend, Lee Nora Elder. In Colbert, Dowdy picked up Smith, as well as Dereka Rucker and Rico Adams who had been riding with Smith, and then began the trip back to Athens. The

---

three new passengers rode in the back seat. Although Rucker testified that she was in the center seat, the first officer on the scene testified that Smith was in the center seat.

Less than five minutes later, at approximately 1:30 a.m., Dowdy was seen by Madison County Sheriff's Deputy Jeremy Howell driving at a high rate of speed, unable to maintain his lane, and crossing the centerline. After Howell began to pursue Dowdy, Dowdy tried to elude Howell by turning onto back roads, but eventually he stopped in an area that was well lit. Howell initiated a traffic stop, and he could see that Dowdy was driving the car.

Dowdy then told his passengers, "I'm going to run." He reached under the driver's seat for an instant then climbed over the front seat and ran, pushing Elder aside as he did. He ran into the woods and escaped. The four passengers remained at the car.

Officers found drugs and several drug related items in and next to the car. On the driver's side floorboard, they found a digital scale. In the center console, which was closed, that is located between the two front seats, officers found a "crack diamond" wrapped in terry cloth, 27 amphetamine pills, a set of manual scales, and a plastic bag. The crack diamond consisted of 21.14 grams of cocaine. Officers found several small bags of marijuana outside the car near the front passenger door, but it eventually became clear that they belonged to Smith and that he had thrown them on the ground during the traffic stop, and Dowdy was not convicted of charges based on this evidence. Smith was also carrying more than $4,000 in cash. Adams was found with three or four rocks of crack cocaine in his boot, and Elder had a small amount of marijuana and drug paraphernalia in her purse. Also, Rucker admitted having smoked some of Smith's marijuana before Smith got a flat tire. All passengers in the car were later charged with possessing the suspected cocaine and with the intent to distribute because, in the opinion of the arresting officer, all of the passengers had equal access to the drugs and the scales. Finally, an open bottle of Remy Martin cognac was found on the driver's side floor. Fingerprints were not taken on any of the items.

The car also contained other items belonging to Dowdy, such as credit card receipts and compact discs.

Following a one-day jury trial, Dowdy was convicted of possession of tools for the commission of a crime, possession of amphetamine, possession of cocaine with intent to distribute, obstruction, driving without proof of insurance, open container, failure to maintain lane, and reckless driving. On appeal, Dowdy argues that the evidence shows that the cocaine, scales, plastic bag, and amphetamines were found within arm's reach of each of the occupants of the car, and that therefore, each had equal access to the contraband.

Dowdy also testified that the car was a family car, that several people drove it, and that his cousin drives the car the majority of the time and on a day-to-day basis.

> The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver.

(Citations and punctuation omitted.) *Knox v. State*, 216 Ga. App. 90, 92 (3) (453 SE2d 120) (1995). It is not an affirmative defense for which the burden to disprove falls on the State. See *Cochran v. State*, 190 Ga. App. 884, 885-886 (1) (380 SE2d 319) (1989).

"The equal access rule, entitling a defendant to acquittal where evidence is presented that others had equal access to a vehicle or that the vehicle had recently been used by others, applies only where the *sole evidence* of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle. . . ." (Citations and punctuation omitted; emphasis in original.) *Pittman v. State*, 208 Ga. App. 211, 214 (2) (430 SE2d 141) (1993). "Whether the evidence of equal access is sufficient to rebut any inference of possession . . . is a question properly left to the jury. [Cit.]" *Ramsay v. State*, 175 Ga. App. 97, 99 (7) (332 SE2d 390) (1985).

In this case, control of the car was not the sole evidence that Dowdy possessed the contraband. First, Rucker, Adams and Elder all denied that the contraband was theirs, and Rucker testified that no one, including Smith, placed anything inside the console or even opened it while all five passengers were in the car. Their testimony was circumstantial evidence from which the jury could infer that the contraband did not belong to any of Dowdy's four passengers. See *Susman v. State*, 256 Ga. App. 94, 95 (1) (567 SE2d 736) (2002); *Petty v. State*, 221 Ga. App. 125, 126 (470 SE2d 517) (1996). Second, Dowdy testified that he did not see any of his passengers with any drugs or scales. Third, one of the scales was in plain view — right next to the driver's seat — from which the jury could have concluded that Dowdy had to be aware of its presence, and Dowdy was seen reaching in this area just before he fled. See *Petty*, 221 Ga. App. at 126. Finally, Dowdy had other personal items in the car. "There being no unrebutted affirmative evidence demanding a finding of equal access, a rational trier of fact was authorized to find appellant [Dowdy] guilty beyond a reasonable doubt. . . ." (Emphasis omitted.) *Cochran*, 190 Ga. App. at 886 (1). Although Dowdy testified that there were no drugs or

scales in the console of the car prior to when he picked up the co-defendants and that the drugs were not his, the jury apparently chose not to believe him.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED MAY 26, 2004.

*John C. NeSmith,* for appellant.

*Robert W. Lavender, District Attorney, Marsha D. Cole, Assistant District Attorney,* for appellee.