A05A1490. STOVALL v. THE STATE.
(620 SE2d 462)

BERNES, Judge.

A Clayton County jury convicted David Wilson Stovall of possession of methamphetamine in violation of the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq. Stovall appeals, contending that the State presented insufficient evidence to overcome his equal access defense. For the reasons set forth below, we affirm.

When reviewing a criminal defendant's claim that there was insufficient evidence to support his conviction, we view the evidence in the light most favorable to the verdict. *Green v. State*, 244 Ga. App. 565-566 (1) (536 SE2d 240) (2000). "As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the factfinder's verdict." (Citation and punctuation omitted.) *Childress v. State*, 251 Ga. App. 873, 876 (2) (554 SE2d 818) (2001).

So viewed, the evidence at trial showed that on March 18, 2004, a Forest Park police officer seized two needles, syringes, an aluminum foil pouch, and a substance that later tested positive as methamphetamine from Stovall's vehicle parked outside the Intown Suites. Stovall had consented to the vehicle search following the arrest of his motel roommate, Tommy Williams, on other charges, including possession of crack cocaine.[1]

Williams and Stovall had been staying at the Intown Suites for approximately three days at the time of their arrest. According to Williams, they "used the room like for women . . . to come over, . . . to drink, sell meth, and stuff out of the room." The day before he was arrested, Stovall purchased methamphetamine at a gas station a few blocks from the motel. He was accompanied by Williams who stayed in Stovall's car while Stovall went inside the station and made the

---

[1] Williams was indicted with Stovall, but he was not charged with the same drug offense. Williams subsequently pled guilty and testified on behalf of the State at Stovall's trial.

purchase. After making the purchase, Stovall stored the methamphetamine in his car where it was discovered the next day by police.

Construing the evidence presented at trial in the light most favorable to the verdict, any rational trier of fact could have found Stovall guilty beyond a reasonable doubt of possession of methamphetamine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Williams' testimony that Stovall purchased the methamphetamine and kept it in his vehicle, combined with the physical evidence seized from Stovall's vehicle, provided sufficient evidence upon which the jury could convict Stovall of the charged offense.

However, Stovall complains that there was insufficient evidence to convict him because Williams had equal access to the methamphetamine. He contends that the State failed to negate his equal access defense and thus failed to establish his guilt beyond a reasonable doubt. We disagree. "The equal access rule, entitling a defendant to acquittal where evidence is presented that others had equal access to a vehicle or that the vehicle had been recently used by others, *applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle.*" (Citation and punctuation omitted; emphasis supplied.) *Bevis v. State*, 259 Ga. App. 269, 271 (2) (576 SE2d 652) (2003). See also *Davis v. State*, 272 Ga. App. 33, 33-34 (611 SE2d 710) (2005). Stovall's ownership or possession of the vehicle containing the seized methamphetamine was not the sole evidence introduced by the State to establish Stovall's guilt; the State also relied on the testimony of Williams.[2] Therefore, Stovall's argument is without merit.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED AUGUST 25, 2005 — 

*Patricia F. Angeli*, for appellant.
David W. Stovall, *pro se.*
*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.

---

[2] In cases such as the instant case, where there is additional evidence of possession of contraband other than a defendant's ownership or possession of a vehicle, the question of equal access is for the jury's resolution. *Bevis*, 259 Ga. App. at 271.