A08A0273, A08A0274. IN THE INTEREST OF C. M., a child (two cases).
(661 SE2d 598)

JOHNSON, Presiding Judge.

In two delinquency petitions, 16-year-old C. M. was charged with having committed acts which, if committed by an adult, would constitute the crimes of entering an automobile, criminal attempt to commit theft from a vehicle, giving a false name to a law enforcement officer, carrying a concealed weapon, and possession of a pistol by a person under the age of 18. He has filed two appeals from the juvenile court judgments adjudicating him delinquent. We will consider the cases together.

---

[3] (Citations and punctuation omitted.) *Welchel*, supra at 560.
[4] See *State v. McKinney*, 276 Ga. App. 69, 74 (1) (622 SE2d 429) (2005).

## Case No. A08A0273

1. C. M. contends the judgment is contrary to the evidence, against the weight of the evidence, and contrary to law and principles of justice. He complains that the circumstantial evidence was not sufficient to prove the acts of entering an automobile or criminal attempt to commit a theft from a vehicle. This enumeration is without merit.

In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.[1]

Viewed in the proper light, the evidence shows that a sheriff's deputy noticed a Ford Explorer weaving on the roadway at about 6:00 a.m. The deputy ran a check on the tag, and received information that the vehicle's registration was suspended and the vehicle was not insured. He initiated a traffic stop.

During the stop, the deputy noticed the passenger in the seat behind the driver moving around, as if "he was hiding things." The deputy asked the driver for his driver's license. The driver, C. M., searched for his license but could not find it. C. M. told the deputy his name was Donavan Moore and gave a date of birth, but the deputy suspected that the information was not correct. When asked again later, C. M. gave the deputy his correct name. Deputies determined that Donavan Moore was C. M.'s uncle, that Donavan Moore owned the Explorer, and that he was stationed in Iraq in the military.

C. M. was placed under arrest for traffic violations and for giving a false name. His two passengers, who were also juveniles, were taken from the vehicle as well. Deputies then conducted an inventory search of the Explorer. They found a loaded gun magazine in the back pouch of the driver's seat, two loaded pistols and ammunition magazines in a rear storage compartment inside the car, screwdrivers, a stereo face plate, and other stereo parts. One deputy asked C. M. where his uncle's guns were. C. M. replied that he did not know, but that the guns "may be at the house." Later investigation revealed that one of the two guns was stolen, and the other was registered to a woman whose relationship to the parties was not disclosed at the hearing.

Later that morning, the sheriff's department received a complaint that someone had tried to remove the rims from a Chevy Tahoe

---

[1] *In the Interest of S. D. T. E.*, 268 Ga. App. 685, 686 (1) (603 SE2d 316) (2004).

and had taken stereo equipment from a Honda Accord. Both vehicles were parked in front of the owner's trailer in a community known as Allenhurst. The owner had noticed that several lug nuts were missing from the rims of the Tahoe, and several other lug nuts were lying on the ground near the tires. One of the rim covers had been removed, but the rims had locks on them and were still intact. The owner also discovered that stereo equipment was missing from his Honda Accord. He found a driver's license bearing the name "Donavan Moore" on the ground beside the Accord.

At the hearing, one of the two passengers from the Explorer testified that he was with C. M. and another juvenile "during the early morning hours" when they went to Allenhurst. C. M. and the other juvenile got out of the vehicle purportedly to see a friend, were gone about eight minutes, and came back with a car stereo. They told the witness that they got the stereo from the friend. C. M. told the witness, "Take me to my uncle's house real quick." With the witness driving, they took the stereo to Donavan Moore's house. According to the witness, C. M. had "free run" of his uncle's property. The witness testified that he slept in the Explorer that night. The state asked the juvenile, "Did y'all go in — you didn't go in the house at all?" He replied, "No, ma'am." The witness added that the group also went to C. M.'s cousin's house. The witness woke up the other juveniles in the morning when his cell phone alarm went off. He asked C. M. to drive him home. The deputy stopped the vehicle some time later.

While mere presence at the scene is not sufficient to find one guilty of being a party to a crime, presence coupled with companionship and conduct before and after the offenses are circumstances from which criminal intent may be inferred.[2] The resolution of conflicts in the evidence and the credibility of witnesses fall within the province of the trial court.[3]

C. M. was in Allenhurst during the early morning hours when the stereo was stolen and the attempted theft of the rims occurred; he falsely identified himself to the deputy as Donavan Moore, and a driver's license bearing that name was found at the crime scene; he returned to the Explorer with a car stereo; and a car stereo face plate and other car stereo parts were found in the vehicle he was driving. The trier of fact was authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis of innocence.[4] The evidence was sufficient to sustain a finding that

---

[2] *Walker v. State*, 281 Ga. App. 94, 99 (5) (635 SE2d 517) (2006).

[3] *In the Interest of E. G. W.*, 244 Ga. App. 119 (534 SE2d 869) (2000).

[4] See id.; *In re V. T.*, 168 Ga. App. 472, 473 (309 SE2d 629) (1983).

C. M. committed the acts of entering an automobile and criminal attempt to commit theft from an automobile.[5]

*Case No. A08A0274*

2. C. M. contends the adjudication of delinquency for giving a false name, carrying a concealed weapon, and possession of a pistol by a person under 18, is contrary to the evidence, law, equity, and principles of justice. C. M. urges that the guns were out of his reach, and the other juveniles had equal access to the contraband.

> The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver. It is not an affirmative defense for which the burden to disprove falls on the State.[6]

The equal access rule applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle.[7] Whether the evidence of equal access is sufficient to rebut any inference of possession is a question properly left to the trier of fact.[8]

The fact that C. M. controlled the car at the time of the stop was not the sole evidence that he possessed the weapons. C. M. had "free run" of his uncle's property while he was deployed overseas; C. M. was in the vehicle the morning of and the night before the traffic stop; even when another juvenile was allowed to drive the car, C. M. directed him where to drive; C. M. may have spent the night in the car, though the testimony is unclear on this point; neither gun was registered to C. M.'s uncle; C. M. seemed to know about the guns' existence; and C. M. gave the deputy false information about his identity. While there was evidence that the other juveniles had access to the vehicle and the weapons during their involvement with C. M., the trier of fact was under no obligation to find that it was *equal* access.[9] There being no unrebutted affirmative evidence demanding a finding of equal

---

[5] See *In the Interest of E. G. W.*, supra at 119-120.

[6] (Citation and punctuation omitted.) *Dowdy v. State*, 267 Ga. App. 598, 600 (600 SE2d 684) (2004).

[7] Id.

[8] Id.

[9] See generally *In the Interest of R. W.*, 257 Ga. App. 488, 489-490 (571 SE2d 485) (2002).

access, a rational trier of fact was authorized to find that C. M. committed the acts alleged.[10]

Moreover, all three juveniles were charged with the weapons offenses. Even if the weapons were in the possession of one of the other juveniles, the judge could have found from the evidence that C. M. was a party to the charged offenses.[11]

The evidence therefore supports the juvenile court's finding of delinquency in both cases.[12] Accordingly, the judgments were not contrary to the evidence, the law, equity or justice.[13]

*Judgments affirmed in both cases. Barnes, C. J., and Phipps, J., concur.*

DECIDED APRIL 7, 2008.

*Earle J. Duncan III*, for appellant.

*Tom Durden, District Attorney, Claira E. Mitcham, Melissa L. Poole, Assistant District Attorneys*, for appellee.

---

[10] See generally *Stovall v. State*, 275 Ga. App. 244 (620 SE2d 462) (2005).
[11] See *Pittman v. State*, 208 Ga. App. 211, 215 (3) (430 SE2d 141) (1993).
[12] See generally *In the Interest of R. W.*, supra.
[13] See *In the Interest of M. J. H.*, 193 Ga. App. 621, 625-626 (1) (388 SE2d 738) (1989).