S13A0420. WARD v. THE STATE.
(740 SE2d 112)

MELTON, Justice.

Following a jury trial, Denzel Laquan Ward appeals his conviction for malice murder, felony murder, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted

felon,[1] contending that trial counsel rendered ineffective assistance and that the trial court gave an erroneous jury instruction regarding the credibility of a testifying defendant. For the reasons set forth below, we affirm Ward's conviction, except for the separate judgment of conviction and sentence for felony murder which must be vacated.

1. Viewed in the light most favorable to the verdict, the record shows that, after being kicked out of a nightclub for fighting, Ward, Kwame Coleman, and Chavious Oliver got into Ward's mother's car and began to drive away. As they did so, Ward, who was driving, fired a gun out of the car, and a bullet hit Nicholas Martel Carpenter, thereby killing him. Sergeant Robert Watson was parked nearby when he heard the gunshots. Sergeant Watson attempted to pull Ward over, but Ward fled for a brief period before stopping the car in an apartment complex where Ward and his passengers fled on foot. Two .45 caliber Winchester shell casings were found in the car, and two matching .45 caliber casings were found at the scene of the shooting. The bullets taken from the victim's body indicated that they had been fired from a .45 caliber pistol. Ward's co-defendants gave testimony that Ward was the shooter. Ward testified at trial, where he blamed Coleman for firing the gun.

This evidence was sufficient to enable the jurors to find Ward guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Ward contends that his trial counsel rendered ineffective assistance by failing to ask the trial court to extend use immunity to one of his witnesses after that witness invoked his Fifth Amendment right to remain silent. In brief, the record shows that Ward wished to call Kambi Young as a witness, contending that Young would have implicated Coleman as the shooter. It is undisputed, however, that Young lawfully invoked his right not to incriminate himself and could not be forced to testify. Ward now maintains that, after Young's

---

[1] On September 4, 2007, Ward was indicted for malice murder, felony murder predicated on aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Following a jury trial, Ward was found guilty on all counts, and, on July 13, 2009, the trial court sentenced Ward to life imprisonment for malice murder, life imprisonment for felony murder, and five consecutive years for possession of a firearm during the commission of a crime. The remaining charge of firearm possession was merged for sentencing purposes. On July 27, 2009, Ward filed a motion for new trial, which was amended on December 20, 2010 and June 28, 2011. The motion was denied on June 8, 2012, and, after Ward timely filed a notice of appeal, his case was docketed to the January 2013 term of this Court and orally argued.

invocation, his trial counsel was duty-bound to request that the trial court allow Young to testify with immunity. Ward's claim fails.

> In order to succeed on his claim of ineffective assistance, [Ward] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

*Lytle v. State*, 290 Ga. 177, 180 (4) (718 SE2d 296) (2011).

As Ward correctly concedes, this Court has never directly held that a defendant, as opposed to the State, may properly request a trial court to extend use immunity to a defense witness. See, e.g., *Dampier v. State*, 249 Ga. 299, 301 (290 SE2d 431) (1982); *Goodman v. State*, 255 Ga. 226 (11) (336 SE2d 757) (1985). While there may be some precedent for such an action in other juridictions, see *Govt. of the Virgin Islands v. Smith*, 615 F2d 964, 974 (III) (B) (3rd Cir. 1980), there is none here in Georgia. Under such circumstances, it cannot be said that trial counsel was ineffective for failing to demand that the trial court take an action for which there is no current Georgia authority.

3. Ward contends that the trial court improperly commented on the evidence in violation of OCGA § 17-8-57 when it gave the following charge to the jury:

> I charge you, ladies and gentlemen of the jury, that when the defendant testifies — when the defendant testifies, he at once becomes the same as any other witness and his credibility is to be tested by and subjected to the same tests as are legally applied to any other witness. And in determining the degree of credibility that shall be accorded to his testimony, you have a right to take into consideration the fact that he is interested in the outcome of the prosecution as well as his demeanor and conduct while on the witness stand.

As Ward admits, however, this Court has held that the above jury instruction is a correct statement of law regarding the credibility of the defendant. See *Johns v. State*, 239 Ga. 681 (4) (238 SE2d 372) (1977); *Kennedy v. State*, 277 Ga. 588 (2) (592 SE2d 830) (2004); *Woods v. State*, 265 Ga. 685 (5) (461 SE2d 535) (1995); *Boyd v. State*, 284 Ga. 46 (3) (663 SE2d 218) (2008); and *Larry v. State*, 266 Ga. 284 (3) (466 SE2d 850) (1996). We decline to overrule this precedent, as Ward has requested, and, as such, find that the trial court did not err by giving the instruction in question.

4. Following the jury's verdict, the trial court sentenced Ward to separate terms of life imprisonment for malice murder and felony murder. Since there was a single victim, Ward cannot be convicted and sentenced for both murder counts. See OCGA § 16-1-7 (a) (1); *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Accordingly, we vacate the separate judgment of conviction and sentence for felony murder.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED MARCH 18, 2013.

*Brian Steel*, for appellant.

*Ashley Wright, District Attorney, Madonna M. Little, Charles R. Sheppard, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.