# FIFTH DIVISION
## MCFADDEN, C. J.,
## RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**April 21, 2021**

# In the Court of Appeals of Georgia

A21A0365. HARRIS v. THE STATE.

RICKMAN, Presiding Judge.

Following a jury trial, Quasha Nicole Harris was convicted of felony obstruction of an officer,[1] felony theft by shoplifting,[2] identify fraud,[3] second degree forgery,[4] possession of a controlled substance,[5] fleeing and attempting to elude a

---

[1] OCGA § 16-10-24 (b).

[2] OCGA § 16-8-14 (a), (b)(1)(C).

[3] OCGA § 16-9-121 (a) (1).

[4] OCGA § 16-9-1 (c).

[5] OCGA § 16-13-30 (a).

police officer,[6] and driving while license suspended.[7] Harris appeals the denial of her subsequent motion for new trial, contending that the evidence was insufficient to sustain her conviction for theft by shoplifting and that she received ineffective assistance of counsel in several different respects. For the following reasons, we reverse the denial of Harris' motion for new trial as to her theft by shoplifting conviction, and we affirm her remaining convictions.

> On appeal, the evidence must be viewed in the light most favorable to support the verdict; indeed, the evidence is construed in favor of the verdict. [Harris] no longer enjoys a presumption of innocence. Moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Citation and punctuation omitted.) *Entwisle v. State*, 340 Ga. App. 122, 123 (796 SE2d 743) (2017).

So viewed, the record shows that law enforcement responded to a shoplifting in progress call from a Justice clothing store in a shopping mall. The first officer to arrive on scene spoke to the store manager who "confirmed there a shoplifting that did occur," gave a description of the two female suspects, and "stated that they had

---

[6] OCGA § 40-6-395 (a).

[7] OCGA § 40-5-121 (a).

just started walking down the sidewalk toward [another store]." The officer went to the other store and observed Harris and another female matching the description given by the manager trying to hide in the aisles.

When the women exited the store, the officer requested that Harris and the other female stop. Both women denied going into the Justice store and when the officer asked them for their identification, they responded that their drivers licenses were in their car. Harris and the other female then began to walk away from the officer and eventually Harris ran toward her vehicle. The officer pursued Harris on foot as she got in her vehicle and "sped out of the parking lot" despite the officer's demands for Harris to stop. Harris struck the officer with her vehicle as she drove away.

Another law enforcement officer who responded to the incident observed Harris driving her vehicle in the parking lot. Harris's drivers license was suspended at the time. Harris stopped her vehicle and fled on foot at a fast pace. The officer commanded Harris to stop but she continued to run and went inside a drug store. Harris fled out of the back of the store and was subsequently apprehended.

While Harris was being pursued, other law enforcement officers searched her vehicle. Two purses were recovered from the vehicle. Officers also recovered

unmarked pills, driver's licenses, and multiple credit cards inside the purse that Harris identified as hers. One of the driver's licenses and credit cards was in the name of a different woman. That woman testified that she knew neither Harris nor the other female with Harris, that she did not give anyone permission to possess her driver's license and that she never had a credit card like the one recovered and never authorized one to be issued in her name.

A crime lab scientist with the Georgia Bureau of Investigation testified that he tested the pills recovered from Harris's purse. The analysis of the pills confirmed that they contained phenteramine, a schedule IV controlled substance.

The officers also recovered clothing with Justice store tags from Harris's vehicle. The officer testified that the clothing recovered was identified by the Justice manager as being the clothing stolen from the store. The manager provided the officer with a receipt documenting those items and that receipt was introduced through the officer at trial.

A dash camera video recording was also introduced and published to the jury. On that recording a Justice employee can be heard stating that she observed the two females removing sensors from merchandise and that she could identify exactly which items of clothing were stolen.

4

The female who was with Harris on the date of incident testified that she went to Justice with Harris in Harris's vehicle. Harris told the other female that she wanted to shop for Harris's little sister. The female testified that she and Harris just "looked around" the Justice store, but admitted that she pled guilty to the incident and on the date she entered the plea when asked by the district attorney if she and Harris committed theft by shoplifting she answered in the affirmative.

Harris testified in her own defense and admitted that when she saw the patrol vehicle, she ran and, thus, was guilty of fleeing and eluding a police officer; she also admitted that she drove while she knew her license was suspended. Harris was impeached with three prior theft by shoplifting convictions.

A grand jury returned an indictment charging Harris with aggravated assault on a peace officer, felony obstruction of an officer, felony theft by shoplifting, three counts of identity fraud, second degree forgery, possession of a controlled substance, fleeing or attempting to elude a police officer, and driving while license suspended.[8] Harris was convicted of felony obstruction of an officer, felony theft by shoplifting, identify fraud, second degree forgery, possession of a controlled substance, fleeing

---

[8] Williams was also charged in the indictment and entered a negotiated plea of guilty to one count of identity fraud, second degree forgery, and theft by shoplifting.

5

and attempting to elude a police officer, and driving while license suspended.[9] Following Harris's convictions, she filed a timely motion for new trial, which the trial court denied.

1. Harris contends that the evidence was insufficient to support her conviction for theft by shoplifting. Specifically, Harris argues that the only evidence presented to convict Harris of theft by shoplifting was inadmissible hearsay.[10]

"[I]t is well established that in determining the legal sufficiency of the evidence, this Court considers all of the evidence admitted, including evidence a party claims was erroneously admitted." (Citation and punctuation omitted.) *Rosser v. State*, 308 Ga. 597, 600–01 (842 SE2d 821) (2020). Thus, regardless of whether the hearsay evidence against Harris was properly admitted, those statements are

---

[9] Harris was found guilty of simple assault, as the lesser included offense of aggravated assault on a peace officer but that charge merged into Harris's conviction of obstruction of an officer for sentencing purposes.

[10] Harris cites to *Cuyuch v. State*, 284 Ga. 290, 295 (667 SE2d 85) (2008) to support her argument that this hearsay evidence cannot be considered in determining the sufficiency of the evidence. "Cuyuch [however] is merely an example of an exception to the general rule for improperly admitted hearsay under Georgia's old Evidence Code—an exception that is no longer relevant under our new Evidence Code, which applied to [Harris's] trial." *Glenn v. State*, 306 Ga. 550, 554 (2) n. 3 (832 SE2d 433) (2019).

considered when evaluating the sufficiency of the evidence presented against her. See

id. The indictment charged Harris with

> unlawfully tak[ing] possession of clothing merchandise, to wit: pants, shorts, shirts and a tank top, with a value less than five hundred dollars ($500.00), to wit: one hundred fourteen dollars twenty-six cents, the property of Justice Retailers, a retail establishment, without paying for said merchandise and with the intent to appropriate said merchandise to the accused's own use, without paying said owner for said property[.]

See OCGA § 16-8-14 (a) (defining theft by shoplifting).

Here, the testimony from the officers that Harris matched the description of the one of the females shoplifting in the store combined with the officer's testimony that the manager identified the clothing found in Harris's vehicle as the clothing that was stolen was sufficient to convict Harris of theft of shoplifting. See *Crosby v. State*, 287 Ga. App. 109, 112 (1) (650 SE2d 775) (2007); *Agony v. State*, 226 Ga. App. 330, 332 (2) (486 SE2d 625) (1997).

2. Harris contends that she received ineffective assistance of counsel in several respects.

To prevail on an ineffective assistance of counsel claim, Harris must prove both that hwe trial counsel's performance was deficient and that he was prejudiced by this

7

deficient performance. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To establish prejudice, Harris must show that "but for such deficient performance there is a reasonable probability that the result of the trial would have been different." *Sherman v. State*, 295 Ga. 339, 342 (2) (759 SE2d 832) (2014). "In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo." (Citation omitted.) *Washington v. State*, 276 Ga. 655, 658 (3) (581 SE2d 518) (2003). "If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong." (Citation and punctuation omitted.) *Ward v. State*, 292 Ga. 637, 639 (2) (740 SE2d 112) (2013).

(a) Harris argues that her trial counsel was ineffective for failing to object to hearsay evidence. We agree.

"'Hearsay' means a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." OCGA § 24-8-801 (c).

8

Not a single employee from Justice or eyewitness to the shoplifting testified at trial. The State relied on testimony from the officers about their conversations with the Justice manager in order to establish the elements of theft by shoplifting. An officer testified that he spoke with the Justice manager who "confirmed there a shoplifting that did occur" and gave a description of the two females involved in the robbery. An officer also testified that the clothing recovered was identified by the Justice manager as the clothing that was stolen from the store. Additionally, the jury saw a dash cam video where a Justice employee can be heard stating that she observed the two females removing sensors from merchandise and that she could identify exactly which items of clothing were stolen. The jurors asked to hear that dash cam video again during deliberations. While the video was playing the jury foreperson asked, "Your Honor, can we rewind that just a little bit to - - did she say that they saw them pop the sensors off the clothes?" The trial court complied with the request and the foreperson explained, "[j]ust at the part where the officer's talking in the store."

In its brief to this Court, the State concedes that "two identified portions of the transcript and record were hearsay and should have been objected to" however, the State argues that regardless there was admissible, overwhelming evidence against

9

Harris. We disagree. The evidence connecting Harris to the theft by shoplifting was inadmissible hearsay. At the hearing on Harris's motion for new trial, trial counsel did not give any reason for failing to object to the hearsay testimony.

"In assessing the objective reasonableness of a lawyer's performance, we are not limited to the subjective reasons offered by trial counsel for his conduct." (Citation and punctuation omitted.) *Entwisle*, 340 Ga. App. at 129 (1) (b). "Instead, we consider whether a reasonable lawyer might have done what the actual lawyer did—whether for the same reasons given by the actual lawyer or different reasons entirely; if the answer to that question is yes, then the actual lawyer cannot be said to have performed in an objectively unreasonable way." (Citation and punctuation omitted). Id. "In this case, we cannot identify any reason why a reasonable attorney would have decided not to object to the hearsay testimony that provided the only evidentiary basis for a conviction of [theft by shoplifting]." (Citation, punctuation, and footnote omitted). Id. "As a result, trial counsel was deficient for failing to object to . . . [the] hearsay testimony." Id.

"The prejudice from trial counsel's deficiency is clear. [The] hearsay testimony was the only evidence offered to prove the elements of the [theft by shoplifting] offense." (Citation and punctuation omitted). *Entwisle*, 340 Ga. App. at 130 (1) (b).

10

"Had this evidence been excluded, there would not have been sufficient evidence to convict [Harris] of that offense." (Citation and punctuation omitted.) Id. "Thus, but for counsel's performance, more than a reasonable probability exists that the outcome of the trial would have been different, and this amounted to ineffective assistance of counsel." (Citation and punctuation omitted.) Id. "Accordingly, we reverse the trial court's denial of [Harris's] motion for a new trial with respect to the [theft by shoplifting conviction]." (Citation and punctuation omitted.) Id. See also *Taylor v. State*, 337 Ga. App. 486, 497-498 (4) (b) (i) (788 SE2d 97) (2016) (holding that trial counsel's performance was deficient and prejudicial for failing to object to hearsay evidence that was the only evidence offered to prove the elements of defendant's traffic offenses).

(b) Harris argues that her trial counsel was ineffective for failing to investigate his case. Specifically, she argues that her trial counsel should have investigated the ownership of the car she was driving and check into the prescription for the controlled substances that were found in the car.

Pretermiting whether trial counsel's performance was deficient for failing to investigate either the car's ownership and/or a prescription for the drugs, she fails to establish any prejudice from trial counsel's deficiency. In this case, the evidence was

11

overwhelming that Harris drove the vehicle and that she possessed both it and its contents, including the fact that she admittedly had personal items in the car. See generally *Dowdy v. State*, 267 Ga. App. 598, 600 (600 SE2d 684) (2004). With regardes to the prescription for the controlled substance, at the hearing on Harris's motion for new trial, she introduced business records from Harris's physician indicating that in 2013 she had a prescription for phentermine. This incident took place in 2016, accordingly there is no reasonable probability that a three year old prescription would have changed the outcome of the trial. See *Baker v. State*, 293 Ga. 811, 815 (3) (750 SE2d 137) (2013) ("[P]retermitting the issue of deficient performance, Appellant failed to show any resulting prejudice, and his ineffective assistance of trial counsel claim fails.").

In conclusion, we reverse the denial of Harris' motion for new trial as to her theft by shoplifting conviction, and we affirm her remaining convictions.

*Judgment affirmed in part and reversed in part. McFadden, C. J., and Senior Appellate Judge Herbert E. Phipps, concur*.