**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 8, 2013**

# In the Court of Appeals of Georgia

A13A1535. SORG v. THE STATE.

Following the denial of his motion for new trial, Carl Sorg appeals his 20-count conviction for the sexual exploitation of children. Sorg contends that the trial court erred in denying his motion for directed verdict because the evidence was insufficient to demonstrate that he knowingly possessed or controlled pornographic images of children. Upon our review, we affirm.

"[O]n appeal from a criminal conviction, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility, and the evidence is viewed in the light most favorable to support the verdict, with the defendant no longer benefitting from a presumption of innocence." *Dickerson v. State*, 304 Ga. App. 762, 765 (2) (697 SE2d 874) (2010). The standard under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is

whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

So viewed, the evidence demonstrates that at approximately 11:30 p.m. on October 22, 2009, a City of Monroe police officer responded to a suspicious vehicle call at a local Wendy's restaurant. The officer observed a red Saturn in the parking lot with one occupant – the driver– who was later identified as Sorg. The officer parked within three yards of the car with his headlights and take-down lights illuminating the interior of Sorg's car. Sorg was looking at a laptop computer and did not appear to notice the officer, although the officer was not trying to conceal his presence. The officer went to the rear of Sorg's vehicle to run his tag, and observed through the rear window that Sorg was looking at pornographic images. The officer initially saw what appeared to be images of adults on the screen, and called for back-up because of the unusual circumstances. When the second unit arrived, Sorg noticed the officers' presence and "started either exiting out or minimizing the screens" on his computer.

As the first officer observed from the rear window, he saw Sorg "going back and forth from screen to screen" and he noticed that many of the computer images

2

were of children involved in sexual acts. He testified that the images were obviously children and that "the females had underdeveloped breasts [and]. . . no pubic hair on any of the genital regions on either the male or female photograph[s]." Sorg consented to a search of his vehicle and the computer was taken into custody. A third officer who had more computer knowledge also responded to the scene, and upon examining the computer, observed that Sorg had minimized 21 windows on his computer, and that each window had a separate uniform resource locator ("URL" ). The officer opened three windows and verified that the images were of "naked children." Sorg was arrested for loitering and child pornography.

When he was interviewed at the station, Sorg told the detective assigned to the case that the images were "pop-up" images that he had not intentionally viewed. He told the detective that the pop-ups would display, and "when he tried to navigate away or off of a page or click a link that it sent him to . . . child pornography." The detective asked Sorg to reproduce the actions that resulted in the pop-ups, but Sorg was unable to do so. The detective also observed that the computer's search history included websites from which some of the images of the children originated. An expert in computer forensics and analysis testified that in his opinion the pornographic images of children did not arise from pop-up windows and that Sorg's

3

computer software would prevent any pop-ups without Sorg specifically enabling a pop-up screen to appear. He further testified that the images he retrieved from the computer that had resulted in the 20-count indictment were all time-stamped October 22, 2009.

1. Sorg contends that the evidence was insufficient to support his convictions for sexual exploitation of a minor. Sorg specifically argues that the there is no evidence that he had possession or control over the pornographic images and that evidence that there was child pornography in his computer's cache was insufficient to support his conviction. We disagree.

A person commits the offense of sexual exploitation of children when he "knowingly . . . possess[es] or control[s] any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." OCGA § 16-12-100 (b) (8). Citing *Barton v. State*, 286 Ga. App. 49 (648 SE2d 660) (2007), Sorg argues that his conviction must likewise be reversed. In *Barton* we reversed the defendant's conviction for sexual exploitation because the evidence was insufficient to show that Barton was aware that images of child pornography were stored in his computer's cache. Id. at 52. In *Barton*, we found that the evidence established only that the images of child pornography had been downloaded automatically and stored

4

in the defendant's cache folders. In contrast, here the evidence showed that the child pornography images found in the cache folder on Sorg's computer had all been intentionally accessed on the date the officer observed Sorg with his computer. Moreover, an officer observed the images on Sorg's computer and also watched as Sorg attempted to close and minimize the pornographic images of children. These actions all indicated that the images were not generated in a passive way.

The resolution of issues of credibility and conflicting evidence was for the jury, not this Court, to resolve. Our review indicates that the evidence presented at trial in this case was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); thus Sorg's challenge to the sufficiency of the evidence must fail. *Haynes v. State,* 317 Ga. App. 400, 401 (1) (731 SE2d 83) (2012) (sufficient evidence for jury to determine that defendant intentionally accessed images stored in computer cache.)

*Judgment affirmed. Miller and Ray, JJ., concur.*