**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 28, 2017**

# In the Court of Appeals of Georgia

A15A0136. OLDS v. THE STATE.

MILLER, Presiding Judge.

This case involves the admission of extrinsic acts evidence under OCGA § 24-4-404 (b) ("Rule 404 (b)"), to establish defendant, Vashon Olds's, intent, plan, and motive in his trial for kidnapping, aggravated assault with intent to rape, false imprisonment and battery.

In *Olds v. State*, 299 Ga. 65 (786 SE2d 633) (2016) (*Olds II*), the Supreme Court of Georgia vacated the judgment of this Court in *Olds v. State*, 332 Ga. App. 612 (774 SE2d 186) (2015) (*Olds I*), and remanded with direction for this Court to consider the admissibility of the extrinsic acts evidence in light of *Olds II*. We therefore vacate our opinion in *Olds I*, supra, and reconsider as directed.

After a thorough review, we find that the extrinsic acts evidence was relevant and admissible, under OCGA § 24-4-404 (b),[1] to show Olds's intent and motive. We further find that the probative value of the extrinsic acts evidence was more significant than any prejudicial effect, and that the State offered sufficient proof of the extrinsic acts for the jury to conclude that Olds committed them. Consequently, we now hold that the trial court properly admitted the extrinsic acts evidence, and we affirm Olds's convictions.

Viewed in the light most favorable to Olds's convictions,[2] the facts in this case show that Olds was a close family friend of the victim, and they were briefly involved in a romantic relationship. In February 2009, a few years after their relationship had ended, the victim and her son moved into Olds's trailer. The victim told Olds that they would not be resuming their prior romantic relationship, and Olds confirmed that he understood.

Shortly after the victim moved in, Olds told the victim's boyfriend that he considered the victim to be "his lady." The next day, the victim told Olds that she was

---

[1] Because Olds was tried after January 1, 2013, Georgia's new Evidence Code applies. See Ga. L. 2011, p. 99, § 101.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

going out of town. As she was getting ready to leave, the victim realized that she had forgotten her son's jacket, so she went back inside the trailer. Olds followed her, and jumped her from behind, while holding a tie in his hand. The victim put her arms up to keep the tie away from her neck and to avoid being choked.

Although the victim begged Olds to let her go, he pushed her onto a chair in his bedroom, tied her up, and threw her on the bed. Olds then got on top of her and told her that if she cooperated and shut up, "it'll be over with." When Olds started to unzip the victim's pants, she screamed and Olds put his hands over her nose and mouth so that she could not breathe.

Olds duct taped the victim's mouth, however, the victim used her hands to remove the tape and screamed again. Olds then told the victim, that if she screamed again, he would kill her. The victim continued to plead with Olds for about 30 minutes, until he released her.

Following the incident in the trailer, Olds was charged with kidnapping, aggravated assault with intent to rape, battery, and false imprisonment. The trial court admitted evidence of Olds's prior extrinsic acts, which occurred in June 1999 and August 2012, to show Olds's intent, plan, and motive under Rule 404 (b).

3

Specifically, the extrinsic acts evidence showed that in June 1999, Olds called T. H., a woman with whom he had been romantically involved. Olds told T. H. that she had forgotten something at his house and he said he would come over to return the item. When Olds arrived, he came up behind T. H. with a knife, told her he was not leaving, said if he could not have her, then nobody else would, and then cut her chin.

The extrinsic acts evidence also showed that Olds was acquainted with K. B., and, in August 2012, he took K. B. shopping and then drove her to his home. When they arrived at his home, Olds told K. B. that she had to come inside. K. B. followed Olds up to his room, and stood by the door for a little bit. K. B. then tried to leave and Olds grabbed her from behind. Olds threw K. B. onto the bed, held her down, pulled down her shorts and underwear and forcibly penetrated her vagina with his tongue. K. B. told Olds to stop and tried to push him away, but he refused to stop, and he tried to forcibly penetrate K. B.'s vagina with his penis.

On appeal, Olds contends that the trial court erred in admitting evidence of these extrinsic acts over his objection. We disagree, and as set forth herein we conclude that the extrinsic acts evidence was admissible, under Rule 404 (b), to show Olds's intent and motive in this case.

4

OCGA § 24-4-404 (b) pertinently provides:

Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In determining whether extrinsic acts evidence is admissible, this Court applies a three-part test for admissibility, which requires a determination that

(1) the evidence is relevant to an issue in the case other than the defendant's character, (2) the probative value is not substantially outweighed by undue prejudice, and (3) there is sufficient proof for a jury to find by a preponderance of the evidence that the defendant committed the prior act. When weighing the probative value of other acts evidence against its prejudicial effect, [we] apply the balancing test set forth in OCGA § 24-4-403 [.]

(Citations omitted.) *Parks v. State*, __ Ga. __, *5-6 (2) (Case No. S16A1001, decided November 30, 2016). Under OCGA § 24-4-403 ("Rule 403"),

relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

5

(Citation and punctuation omitted.) *Olds II*, supra, 299 Ga. at 70 (2). Nevertheless, "the exclusion of evidence under Rule 403 is an extraordinary remedy which should be used only sparingly." (Citation and punctuation omitted.) Id.

Here, the trial court admitted the extrinsic acts evidence to show Olds's intent, plan, and motive. "We review this decision for clear abuse of discretion." (Citation omitted.) *Smart v. State*, 299 Ga. 414, 417 (2) (788 SE2d 442) (2016).

1. Relevance

With regard to the first part of the admissibility test, evidence is relevant under OCGA § 24-4-401 if the evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Accordingly, we must determine whether the extrinsic acts evidence was relevant to show Olds's intent, motive or plan.

a. *Intent*

With regard to intent, "a plea of not guilty puts the prosecution to its burden of proving every element of the crime – including intent – [and] evidence of other acts that tends to make the requisite intent more or less probable to any extent is

6

relevant." *Olds II*, supra, 299 Ga. at 75 (2). Olds put his intent at issue in this case when he pled not guilty and argued at trial that the victim lied about the crimes.

Furthermore, the record shows that Olds requested a jury charge on sexual battery as a lesser included offense of the aggravated assault with intent to rape charge. In so doing, Olds effectively disputed the specific intent element of that charged offense which also placed his intent at issue in this case. Id.

Moreover,

> evidence that an accused committed an intentional act generally is relevant to show . . . that the same defendant committed a similar act with the same sort of intent, especially when the acts were committed . . . in similar circumstances.

(Citations omitted.) Id. at 72 (2); see also OCGA § 24-4-413 (providing that, where a defendant is charged with a sexual assault, evidence of his commission of another sexual assault "shall be admissible and may be considered for its bearing on any matter to which it is relevant.").

Here, the charged offenses included aggravated assault, and the offense of aggravated assault as charged is very similar to both the 1999 and 2012 extrinsic acts. The crimes in this case and the extrinsic acts victims all involved violent assaults on female acquaintances whom Olds attacked from behind. Moreover, the 2012 extrinsic

7

act involved sexual assault charges, which was relevant to show Olds's intent to commit a sexual assault in this case. *Olds II*, supra, 299 Ga. at 77 (3), n.18. Consequently, the evidence of Olds's extrinsic acts was plainly relevant to the issue of his intent in this case, and the first prong of the admissibility test was satisfied. See *Olds II*, supra, 299 Ga. at 72 (2) (Citing *Bradshaw v. State*, 296 Ga. 650 (769 SE2d 892) (2015).

b. *Motive*

Extrinsic acts are admissible to show motive under Rule 404 (b) if they are "logically relevant and necessary to prove something other than the accused's propensity to commit the crime charged." (Citation omitted.) *Brooks v. State*, 298 Ga. 722, 726 (2) (783 SE2d 895) (2016).

Here, the extrinsic acts evidence was also relevant to help the jury understand why Olds violently attacked the victim in this case.[3] *Smart*, supra, 299 Ga. 414, 418 (2) (a). Specifically, the evidence showed that, even though the victim had informed Olds that they would not be resuming their prior romantic relationship, Olds still

---

[3] Having determined that the extrinsic acts evidence was relevant and, as set forth infra, admissible to show both intent and motive in this case, we need not determine whether that evidence was also relevant and admissible to show a common plan or for other purposes.

considered the victim to be "his lady," and he committed the crimes in this case when the victim told him that she tried to leave the trailer that they shared. Similarly, Olds attacked T. H. in 1999 after their relationship ended and he told her that "if he could not have her, then nobody else would." Although Olds was not romantically involved with K. B., he knew her, drove her to his home, told her she had to come inside and forcibly attacked and sexually assaulted her when she tried to leave. See id. (extrinsic acts victim's testimony regarding specific acts of violence was relevant to show defendant's motive in using violence to control murder victim).

2. Probative Value of the Extrinsic Acts Evidence

With regard to the second admissibility prong, we must determine whether the probative value of the evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.] (Citation and punctuation omitted.) *Olds II*, supra, 299 Ga. at 70 (2). "Probative value . . . depends on the marginal worth of the evidence – how much it adds, in other words, to the other proof available to establish the fact for which it is offered." *Id.* at 75-76 (2). After a thorough review of the record, in light of the decision in Olds II, and after weighing the value of the extrinsic acts evidence, we are satisfied that the trial court properly

determined that the probative value of the extrinsic acts evidence was not substantially outweighed by its prejudicial effect.

The charged offense of aggravated assault and the two extrinsic acts were factually very similar. Notably, all three crimes involved Olds's violent attacks on women he knew or had been romantically involved with. Moreover, Olds denied that he committed the crimes in this case, and there was very little evidence, other than the victim's testimony, from which the jury could have "gleaned why" Olds attacked her. *Smart*, supra, 299 Ga. at 419 (2) (b). Thus, the extrinsic acts evidence aided the jury in determining whether Olds committed the crimes in this case. Consequently, the trial court properly found that the probative value of the extrinsic acts evidence was not substantially outweighed by its prejudicial effect, and therefore, the second prong of the admissibility test was satisfied. See *Jones v. State*, 299 Ga. 377, 383 (4) (788 SE2d 477) (2016) (probative value of evidence of defendant's prior armed robberies was not substantially outweighed by its prejudicial effect where defendant testified that murder victim pulled out a gun and tried to rob defendant).

3. Sufficient Proof of the Extrinsic Acts Evidence

Finally, we conclude that the third prong of the admissibility test – whether the State offered sufficient proof for the jury to conclude that Olds committed the

extrinsic acts – was satisfied. T. H. gave detailed testimony regarding the 1999 attack, K. B. gave detailed testimony about the 2012 attack, and Olds presented no evidence to rebut either T. H. or K. B.'s testimony. Accordingly, a jury could have found by a preponderance of the evidence that Olds committed the extrinsic acts. See *Smart*, supra, at 419 (2) (c); *Brannon v. State*, 298 Ga. 601, 608 (4) (783 SE2d 642) (2016).

For the reasons set forth above, we find that the extrinsic acts evidence met all three prongs for admissibility. Therefore, the trial court did not clearly abuse its discretion in admitting evidence of the extrinsic acts under Rule 404 (b), and we affirm Olds's convictions.

*Judgment affirmed. Andrews and Branch, JJ., concur*.