**FIFTH DIVISION
MCFADDEN, P. J.,
MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**May 17, 2019**

# In the Court of Appeals of Georgia

A19A0381. BOYD v. THE STATE.

McFADDEN, Presiding Judge.

After a jury trial, Mark Bradley Boyd was convicted of child molestation for having sexual intercourse with 14-year-old V. B. and for sexual exploitation of a child for knowingly possessing a digital image of V. B.'s genitals on his cellular phone. Boyd argues that the state failed to prove venue as to either offense, but the evidence was sufficient to authorize the jury to find that the crimes were committed in Coweta County, as charged. Boyd argues that the trial court erred in admitting evidence that he had engaged in other acts of sexual intercourse with minors, but the trial court did not abuse his discretion in that ruling. Finally, Boyd argues that his trial counsel was ineffective in failing to seek to strike a juror who had been molested as

a child, but he has not shown both that this failure constituted deficient performance and that he was prejudiced by it. So we affirm.

1. *Evidence.*

On appeal from a criminal conviction, we view the evidence "in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence[.]" *Morris v. State*, 322 Ga. App. 682 (1) (746 SE2d 162) (2013) (citation omitted). So viewed, the evidence showed that for several months in late 2014, Boyd dated V. B.'s mother. During that time, Boyd sometimes made suggestive comments to V. B., the two exchanged sexual messages over a messaging app on their cellular devices, and V. B. sent Boyd some nude photographs of herself, including a photograph of her genitals. On December 15, 2014, V. B. spent the night at Boyd's house and the two had sexual intercourse. V. B. disclosed that event to Boyd's daughter, who was her school friend. In January 2015, after Boyd and V. B.'s mother broke off their relationship, V. B. disclosed to her mother that Boyd had molested her. She repeated this disclosure to a psychologist during a forensic examination. Law enforcement officers arrested Boyd, and they recovered from his cellular phone nude photographs of V. B.

Although Boyd does not challenge the sufficiency of the evidence except as to venue, the evidence recited above is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). See generally OCGA § 16-6-4 (a) (1) ("A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]"); OCGA § 16-12-100 (b) (8) ("It is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct."); OCGA § 16-12-100 (a) (4) (D) ("[s]exually explicit conduct" means "actual or simulated . . . [l]ewd exhibition of the genitals or pubic area of any person").

2. *Venue.*

Boyd argues that the state failed to prove venue as to either offense. We disagree.

As with the other elements of a criminal offense, the state must prove the element of venue beyond a reasonable doubt. See *Pike v. State*, 302 Ga. 795, 797 (1) (809 SE2d 756) (2018). On appeal, "we view the evidence of venue in a light most favorable to support the verdict and determine whether the evidence was sufficient

to permit a rational trier of fact to find beyond a reasonable doubt that the crime or crimes were committed in the county in which the defendant was indicted." *Worthen v. State*, 304 Ga. 862, 865 (3) (a) (823 SE2d 291) (2019) (citation and punctuation omitted). "Whether the state met its burden as to venue is a matter resting soundly within the purview of the jury, and ambiguities in the trial evidence must be resolved by the trial jury, not appellate courts." *Garza v. State*, 347 Ga. App. 335, 337 (1) (b) (819 SE2d 497) (2018) (citations and punctuation omitted).

(a) *Evidence of venue as to child molestation.*

The trial evidence, viewed most favorably to the verdict, showed that Boyd's act of child molestation — having sexual intercourse with 14-year-old V. B. — occurred at his house. Boyd argues that the evidence was insufficient to show that his house was located in Coweta County, where he was indicted. But V. B. testified at trial that she thought Boyd's house was in Coweta County. When asked the location of the house, she first replied that it was in the city of Moreland. She was then asked, "Do you know what county that is?" She replied, "I think that's still in Coweta County."

V. B.'s testimony authorized the jury to find that the act of child molestation occurred, as charged, in Coweta County. See *Liggins v. State*, 239 Ga. 452, 454 (2)

(238 SE2d 34) (1977) (victim's testimony that crime occurred in particular county was sufficient to establish venue); *Long v. State*, 324 Ga. App. 882, 889 (1) (752 SE2d 54) (2013) (same). We find no merit in Boyd's argument that, because V. B. prefaced her testimony with the phrase "I think," her testimony about the location of Boyd's house was a lay opinion subject to the foundational requirements of OCGA § 24-7-701 (a). See generally *Butler v. State*, 292 Ga. 400, 405-406 (3) (a) & n. 10 (738 SE2d 74) (2013) (discussing difference between fact testimony and opinion testimony). While the phrase "I think" may have raised a question about the certainty of V. B.'s testimony that the house was in Coweta County, it was for the jury as factfinder, rather than this court, to determine whether to credit the testimony. See *In the Interest of S. W.*, 337 Ga. App. 110, 111-112 (1) (786 SE2d 499) (2016) (trier of fact was authorized to resolve any apparent uncertainties in evidence regarding venue).

(b) *Evidence of venue as to sexual exploitation.*

The state charged Boyd with committing, in Coweta County, the offense of sexual exploitation of a child by possessing a digital image of V. B.'s genitals. Boyd challenges the evidence that his workplace was located in Coweta County. While the

5

state offered no direct evidence of this fact,[1] circumstantial evidence authorized the jury to find the necessary venue.

Viewed most favorably to the verdict, the trial evidence showed that the image was on Boyd's cellular phone from November 2014, when he received it, through January 21, 2015, when he was apprehended and the phone seized from him while he was at work. As discussed above, the trial evidence also showed that Boyd lived in Coweta County during this time frame. "[L]ike any other fact, venue may be proved by circumstantial evidence, and it is enough if the fact of venue is properly inferable from all the evidence." *Worthen*, 304 Ga. at 871 (3) (e) n. 6 (citation and punctuation omitted). The jury could properly infer from this evidence that Boyd possessed his cellular phone, and thus possessed the image of V. B.'s genitals, in Coweta County on some date within the statute of limitation. See *Weyer v. State*, 333 Ga. App. 706, 712 (1) (b) (776 SE2d 304) (2015) (jurors are permitted to consider "their own common-sense understanding of the world" when drawing reasonable inferences from circumstantial evidence). Contrary to Boyd's assertion, the state was not required to

---

[1] We take this opportunity to reiterate our Supreme Court's recent observation that "to avoid venue becoming an issue on appeal, prosecutors should not forget to ask what is usually just the question or two needed to establish *directly* the county in which each crime alleged was committed." *Worthen*, 304 Ga. at 870 (3) (d) n. 5 (citation omitted; emphasis in original).

6

prove that he possessed the image on the specific date that he was apprehended, because the indictment did not allege that the date of the offense was material. *See Ledesma v. State*, 251 Ga. 885 (1) (a) (311 SE2d 427) (1984); *State v. Swint*, 284 Ga. App. 343, 344 (2) (643 SE2d 840) (2007).

3. *Other acts evidence.*

Boyd argues that the trial court abused his discretion in admitting evidence that he previously had engaged in sexual intercourse with two other girls who were between 12 and 15 years old at the time. The trial court instructed the jurors that they could consider the other acts evidence only for the limited purpose of showing intent and knowledge. Boyd argues that the trial court should have excluded the other acts evidence under OCGA § 24-4-403 because its probative value was substantially outweighed by the danger of unfair prejudice. We find no error.

"In a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant." OCGA § 24-4-414 (a). This is "a rule of inclusion, with a strong presumption in favor of admissibility[.]" *Robinson v. State*, 342 Ga. App. 624, 634 (4) (a) (805 SE2d 103) (2017) (citation and punctuation omitted). Nevertheless,

7

the evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." OCGA § 24-4-403. See *Jackson v. State*, 342 Ga. App. 689, 692 (805 SE2d 457) (2017). But "[t]he exclusion of evidence under [OCGA § 24-4-]403 is an extraordinary remedy which should be used only sparingly." *Olds v. State*, 299 Ga. 65, 70 (2) (786 SE2d 633) (2016) (citation, punctuation, and footnote omitted). We review a trial court's decision to admit evidence under OCGA § 24-4-414 (a), including the weighing of the OCGA § 24-4-403 factors, for abuse of discretion. *Jackson*, supra at 691; *State v. Chapman*, 322 Ga. App. 82, 86 (744 SE2d 77) (2013).

The trial court did not abuse his discretion in admitting, for the purpose of proving intent, the evidence that Boyd had engaged in sexual intercourse with two other victims who were around the same age as V. B. Boyd pled not guilty and testified at trial that V. B.'s account of the crimes was not true. By doing so, he "put his intent at issue in this case." *Olds v. State*, 340 Ga. App. 401, 404 (1) (a) (797 SE2d 661) (2017). The other acts evidence had probative value on this point. The other acts were factually similar to the charged offense of child molestation, and evidence of those acts "aided the jury in determining whether [Boyd] committed th[at] crime[ ]." Id. at 405 (2). See *Dixon v. State*, 341 Ga. App. 255, 262 (1) (b) (800 SE2d

8

11) (2017) (evidence of other acts, which "each involved inappropriate sexual contact between [the defendant] and a child of similar age[,]" was highly probative where the defendant attacked the credibility of victim). The fact that the other acts were remote in time — between 16 and 22 years before — did not demand a different ruling by the trial court. There is no "bright-line rule as to how old is too old," *Harris v. State*, 340 Ga. App. 865, 868 (1) (b) (798 SE2d 498) (2017) (citations omitted), and Georgia courts have admitted evidence of other acts of child molestation that were more remote in time than the acts at issue in this case. See *State v. McPherson*, 341 Ga. App. 871, 876 (1) (800 SE2d 389) (2017) (acts occurred about 35 years earlier); *Harris*, supra at 868-869 (1) (b) (acts occurred more than 44 years earlier). In addition, the trial court's limiting instructions to the jury "mitigated the risk of undue prejudice." *Dixon*, supra at 262 (1) (b) (citations omitted). "Consequently, the trial court properly found that the probative value of the extrinsic acts evidence was not substantially outweighed by its prejudicial effect," *Olds*, 340 Ga. App. at 406 (2), especially given the strong presumption in favor of admissibility under OCGA § 24-4-404 (a).

4. *Ineffectiveness of trial counsel.*

Boyd argues that his trial counsel rendered ineffective assistance during jury selection, when a prospective juror revealed that both she and members of her family had been victims of child molestation or other sexual offenses. The juror, who had been molested as a child, expressed regret at not having reported the molestation when it occurred. But she also stated that she could be a fair and impartial juror and that she had not formed an opinion about Boyd's guilt or innocence. Boyd's trial counsel neither moved to strike the juror for cause nor exercised a peremptory strike, and she was seated on the jury.

"To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance resulted in prejudice to the defendant." *Welbon v. State*, 304 Ga. 729, 731 (2) (822 SE2d 277) (2018) (citations omitted). This requires Boyd to show both that his trial counsel "performed his duties at trial in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms, [and that there is] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Simpson v. State*, 298 Ga. 314, 318 (4) (781 SE2d 762) (2016) (citations and punctuation omitted). If he failed to show one of these prongs, then we need not review the other prong. *Taylor v. State*, 302 Ga.

10

176, 178 (2) (805 SE2d 851) (2017). "On appellate review, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Cade v. State*, 289 Ga. 805, 808 (4) (716 SE2d 196) (2011) (citation and punctuation omitted).

The trial court held that Boyd failed to show that his trial counsel was deficient, finding that trial counsel's decision not to strike the juror was a reasonable strategy. "Which, and how many, prospective jurors to strike is a quintessential strategic decision." *Simpson v. State*, 298 Ga. at 318 (4) (citation and punctuation omitted). This is true even as to the decision whether or not to move to strike a juror for cause. See *Taylor*, 302 Ga. at 177-178 (2). In this case, the juror stated in voir dire that she could be impartial, despite her experience of molestation, and she stated more than once that Boyd was innocent until proven guilty. At the hearing on Boyd's motion for new trial, his lead trial counsel testified that he thought, based on the juror's voir dire answers and her body language, that "she would be a decent juror," notwithstanding her history as a victim of child molestation and her relationships with other sexual-assault victims. Trial counsel expressed the view that a person who had been a crime victim "is going to look at the victim a little bit closer than someone that's never been through that experience. They can judge credibility better oftentimes." The trial court

11

expressly credited both the juror's voir dire statements and trial counsel's hearing testimony in his order, and although Boyd questions that credibility determination as to his trial counsel, the record does not show that determination was clearly erroneous, so we accept it. See *Cade*, 289 Ga. at 808 (4).

"[T]he transcript of voir dire does not reveal that [the juror] had a fixed and definite opinion as to the issue of guilt or that she would be unable to decide the case based on the evidence and the trial court's instructions." *Cade*, 289 Ga. at 808 (4). She merely volunteered that she was a victim of child molestation and had relatives who were victims of sexual crimes. In Georgia, "there is no per se rule excluding victims of crime [from a jury], even if the crime charged in the indictment is the same crime of which the potential juror was a victim." *Doss v. State*, 264 Ga. App. 205, 211 (4) (590 SE2d 208) (2003) (involving child molestation). See generally *Kim v. Walls*, 275 Ga. 177, 179 (563 SE2d 847) (2002) ("the law presumes that potential jurors are impartial"). In contrast, in several of the cases cited by Boyd, the jurors expressed an inability to be impartial. See *Menefee v. State*, 270 Ga. 540, 541-542 (2) (512 SE2d 275) (1999) (juror indicated she had a prejudice against persons of defendant's race), disapproved in part by *Willis v. State*, 304 Ga. 686, 706 (11) (a) n. 3 (820 SE2d 640) (2018); *Park v. State*, 260 Ga. App. 879 (1) (581 SE2d 393) (2003) (juror stated he

12

presumed defendant was guilty), disapproved in part by *Willis*, supra; *Matarranz v. State*, 133 So3d 473, 477 (Fla. 2013) (juror indicated she could not be fair).[2]

Consequently, Boyd "neither overcame the strong presumption that counsel's failure to seek [the juror's] removal constituted reasonable professional assistance nor [did he] . . . show how he was prejudiced by that failure." *Cade*, 289 Ga. at 808 (4) (citations omitted). Because "[w]e cannot say under the circumstances of this case that no competent attorney would have struck the jury as [Boyd's] lawyer did[, Boyd] has not demonstrated deficient performance with respect to the selection of a jury." *Simpson*, 298 Ga. at 319 (4) (citation omitted). See *Taylor*, 302 Ga. at 178 (2) (where transcript showed none of the seated jurors had expressed in voir dire an opinion that was so fixed they could not be impartial, the trial court was not deficient in failing to strike them). The trial court did not err in denying Boyd's motion for new trial based on ineffective assistance of counsel.

*Judgment affirmed. McMillian and Goss, JJ., concur.*

---

[2] Although Boyd invites us to consider Florida law, we see no need to look outside of Georgia law to decide this appeal.