**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**April 17, 2020**

# In the Court of Appeals of Georgia

A20A0615. STURGIS v. THE STATE.

MERCIER, Judge.

A jury found David Sturgis guilty of child molestation and aggravated child molestation. Following the denial of his motion for new trial, Sturgis appeals, asserting as error the trial court's admission of evidence of prior acts of alleged molestation. We discern no error and affirm.

Construed in the light most favorable to the jury's verdict, the evidence showed that Sturgis often resided with the victim A. O. and her mother and two sisters. Sometime between 2011 and 2013, when A. O. was around 14 or 15 years old, Sturgis, whom A. O. knew as "Fat Daddy," lifted her shirt and put his mouth on her breasts. On another occasion, Sturgis pulled out his penis and told A. O. to perform oral sex on him. When A. O. refused, Sturgis used his hand to force her head down,

put his penis in her mouth, and ejaculated. A. O. eventually told her older sister, who then told their mother about Sturgis' acts.

The trial court also allowed evidence of two prior acts under both OCGA § 24-4-404 (b) and OCGA § 24-4-414. For the first prior act, the State presented the testimony of A. W., who was 31 years old at the time of trial. She testified that when she was eight or nine years old, she attended a summer camp where Sturgis was a camp counselor or volunteer and A. W.'s mother was the camp director. A. W. also knew Sturgis by the nickname "Fat Daddy." A. W. explained that while in the swimming pool during a camp field trip, Sturgis pulled her bathing suit aside and put his finger inside her vagina several times. And, while riding in a van back to camp with Sturgis after swimming, Sturgis put his hand under A. W.'s towel and fondled her breast area. Sturgis told her not to tell her mother. But as soon as they returned to the camp, A. W. told her mother, who "started fighting" Sturgis. A police officer broke up the fight. Years later, in the fall of 2013, a childhood friend told A.W. that "Fat Daddy got locked up for molesting his girlfriend's daughter." A. W. asked her mother if she recalled whether she had reported Sturgis to the police after he molested A. W. at summer camp. When A. W.'s mother responded that "she didn't think she

2

did, she didn't know if they had taken it in writing," A. W. contacted the police and reported the incident.

The State also presented the testimony of A. O.'s sister B. S., who was 23 years old at the time of trial.[1] B. S. testified that when she was 12 or 13 years old, Sturgis followed her and touched her buttocks over her clothes while they were inside a convenience store. B. S. testified further that on another occasion, Sturgis climbed into her mother's bed where B. S. was sleeping, touched her buttocks, placed his tongue inside her mouth, and pulled her on top of him.

A jury found Sturgis guilty of child molestation for "sucking on" A. O.'s breasts, and guilty of aggravated child molestation for forcing her to place her mouth on his penis. Following the denial of Sturgis' motion for new trial, this appeal followed.

Sturgis argues that the trial court erred in admitting the testimony of A. W. and B. S. Although he asserts that this evidence was inadmissible under OCGA § 24-4-404 (b) (character evidence), the provisions of OCGA §§ 24-4-413 (evidence of similar transaction crimes in sexual assault cases) and 24-4-414 (evidence of similar transaction crimes in child molestation cases), where applicable, supercede the

_____

[1] The trial occurred in 2014.

3

provisions of OCGA § 24-4-404 (b). *McAllister v. State*, 351 Ga. App. 76, 80 (1) (830 SE2d 443) (2019). Relevant here, OCGA § 24-4-414 (a) provides: "In a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant."

OCGA § 24-4-414 creates "a 'rule of inclusion,' thus providing a strong presumption in favor of admissibility by explaining that such evidence '*shall* be admissible.'" *McAllister*, supra (citations omitted; emphasis in original). "[A]nd the State can seek to admit evidence under this provision for any relevant purpose, including propensity." *Dixon v. State*, 350 Ga. App. 211, 213 (1) (828 SE2d 427) (2019) (citations and punctuation omitted). However, evidence that is admissible under this rule may still be excluded under OCGA § 24-4-403, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See *Dixon*, supra (citations and punctuation omitted). We will only overturn a trial court's decision to admit other acts evidence

4

where there is a clear abuse of discretion. *Holzheuser v. State*, 351 Ga. App. 286, 296 (2) (828 SE2d 664) (2019).

Sturgis argues that the prior act evidence was "very remote [in time] from the charged offenses" and the "acts were dissimilar, with no signature mode or style of commission, much less specific points of commonality." However, Sturgis' acts of inappropriate sexual contact with minor girls he knew and had spent time with, one of whom was A. O.'s sister, were similar enough to the incidents involving A. O. to "aid[ ] the jury in determining whether [Sturgis] committed" the charged crimes. *Boyd v. State*, 351 Ga. App. 469, 473 (3) (829 SE2d 163) (2019) (citations and punctuation omitted). Although the acts against A. O. were not completely identical to the prior acts,

> this Court previously recognized in a case involving the application of our former Evidence Code that the sexual abuse of young children, regardless of . . . the nomenclature or type of acts or other conduct perpetrated upon them, is of sufficient similarity to make the evidence admissible. This is because sex crimes against children require a unique bent of mind.

*Dixon v. State*, 341 Ga. App. 255, 262 (1) (b) (800 SE2d 11) (2017) (citation and punctuation omitted).

5

Further, the remoteness of the prior acts does not require that the evidence be excluded.

> Exclusion of proof of other acts that are too remote in time caters principally to the dual concerns for relevance and reliability. The evaluation of the proffered evidence in light of these concerns must be made on a case-by-case basis to determine whether the significance of the prior acts has become too attenuated and whether the memories of the witnesses has likely become too frail. Neither Rule 403 nor any analogous Rule provides any bright-line rule as to how old is too old.

*Wilson v. State*, ___ Ga. App. ___, slip op. at 10-11 (1) (b) (Case No. A19A2174, decided March 4, 2020) (citation and punctuation omitted). There is no legitimate concern here with relevancy or reliability. Sturgis' prior acts against A. W. and B. S. were relevant and probative regarding his intent and propensity to commit the charged crimes against A. O. Further, there was no showing either on direct or cross-examination that the witnesses' memories were at issue. Thus, the fact that the acts against A. W. and B. S. were committed about 22 years and 10 years before the acts against A. O. did not demand a different ruling. See id. (prior acts occurred about 30 years earlier); *Boyd*, supra, 351 Ga. App. at 473 (3) (prior acts occured between 16 and 22 years earlier); *Harris v. State*, 340 Ga. App. 865, 868 (1) (b) (798 SE2d 498) (2017) (prior acts occurred about 44 years earlier).

Under the circumstances presented here, we cannot say that the trial court abused its discretion in admitting the two prior acts pursuant to OCGA § 24-4-414, "especially given the strong presumption in favor of admissibility[.]" *Boyd*, supra, 351 Ga. App. at 474 (3.)

*Judgment affirmed. Miller, P. J., and Coomer, J., concur.*