**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 16, 2021**

# In the Court of Appeals of Georgia

A21A0800, A21A0801. THE STATE v. PALACIO-GREGORIO; and vice versa.

RICKMAN, Chief Judge.

Following a jury trial, Leandro Palacio-Gregorio was convicted on five counts of sexual exploitation of children. Palacio-Gregorio filed a timely motion for new trial. The trial court denied Palacio-Gregorio's motion for new trial, but determined that it erred by failing to merge his convictions for the purposes of sentencing and vacated his sentence on the first four counts of the indictment. In A21A0801, Palacio-Gregorio appeals from the denial of his motion for new trial and contends that the evidence was insufficient to support his conviction, the trial court erred by admitting certain evidence, and his trial counsel provided ineffective assistance. In A21A0800, the State appeals from the re-sentencing and contends that the trial court erred by

vacating Palacio-Gregorio's sentences on counts 1 through 4. For the following reasons, we affirm in both cases.

"On appeal from a criminal conviction, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility, and the evidence is viewed in the light most favorable to support the verdict, with the defendant no longer benefitting from a presumption of innocence." (Citation and punctuation omitted.) *Sorg v. State*, 324 Ga. App. 595, 595 (751 SE2d 196) (2013). "The standard under *Jackson v. Virginia*, 443 U. S. 307 (99 S.Ct. 2781, 61 LEd2d 560) (1979), is whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense." Id.

So viewed, the evidence showed that one evening after midnight a law enforcement officer was patrolling a high crime area near a hotel. The law enforcement officer observed Palacio-Gregorio sitting in the driver's seat of a parked car in the hotel's parking lot. Palacio-Gregorio's car was running with its headlights off. As the officer approached the driver's side, he observed Palacio-Gregorio looking at what initially appeared to be pornography depicting adult women. Upon closer examination, the officer realized that the image on Palacio-Gregorio's screen depicted a pre-pubescent girl.

The officer shined a flashlight in Palacio-Gregorio's window and observed Palacio-Gregorio take "the [phone he viewed child pornography on] and sort of put it between the console and the passenger seat. It wasn't a large console but it is the console that runs in most vehicles and pushed it down like between the seats partially there." Palacio-Gregorio then rolled down his window and told the officer that he became tired while driving and stopped at the hotel to sleep. Palacio-Gregorio informed the officer of his route and the officer noted that the location of the hotel was not on his route.

When asked what he was doing on the cell phone, Palacio-Gregorio responded that "he was looking at videos." Palacio-Gregorio granted the officer consent to search the vehicle. According to the officer, he

> went to where [Palacio-Gregorio] had placed the phone. The screen was actually on. . . . I looked at that phone and could see that it was on a Google Incognito on the browser. On that page there was a picture of a very young girl with her legs spread, her vagina exposed. She had underdeveloped breasts, no pubic hair and a face that I would imagine she was no more than seven, eight, nine years old.

The officer testified that Google Incognito was a mode on the Google web browser that enabled the user to view websites without any history of what was

3

viewed, "[a]ll the cookies and everything are immediately erased as soon as the phone is closed out of the browser." There was also a notification on the recovered phone that there were downloads on the phone, some of which had been downloaded and others which were downloading at the time of retrieval. After arresting Palacio-Gregorio, the officer searched him incident to arrest and found another cell phone in his pocket. Both phones were placed into evidence.

The phone on which Palacio-Gregorio viewed child pornography on was forensically examined and contained five images of child pornography located in the downloads folder of the SD card within the phone. The officer who performed the forensic examination testified that "[i]n order for the image to reside in the downloads section or on the SD card, you have to actually save it. You have to save the data to that location or you have to give permission for the operating system to download to that location." Those five images corresponded to the five counts in the indictment and as to each photo the officer testified to where the image was recovered from the phone and when the photo was created. In addition to those five images, the officer also recovered 52 other images containing child pornography in either the downloads folder of the SD card or the internal storage of the phone. The officer further testified

4

that this cell phone had been used multiple times at the hotel to access websites containing child pornography.

An other acts witness testified that she was related to Palacio-Gregorio and that he molested her when she was a child. When the victim was 14 years old, Palacio-Gregorio took pictures of her while she was partially clothed. Palacio-Gregorio eventually had sexual intercourse with the victim and the victim became pregnant with his child. Palacio-Gregorio pled guilty to two counts of sexual battery due to his abuse of the victim and the State introduced a certified copy of his convictions at the trial on this case.

A grand jury returned an indictment charging Palacio-Gregorio with five counts of sexual exploitation of children. Palacio-Gregorio was found guilty of all five counts and was initially sentenced as to each. Following his motion for new trial hearing, Palacio-Gregorio's sentence was vacated on Counts 1 through 4 and only his conviction and sentence on count 5 remains, his motion for new trial was otherwise denied.

A21A0801

1. Palacio-Gregorio contends that the evidence was insufficient to support his conviction. Specifically, Palacio-Gregorio argues that the State failed to prove that he possessed the cell phone containing the pornography.

Count 5 of the indictment charged Palacio-Gregorio with "knowingly possess[ing] a material, to wit: an electronic image with a hash value of . . ., depicting a minor engaged in sexually explicit conduct, to wit: lewd exhibition of the vagina of said child[.]"[1] See OCGA § 16-12-100 (b) (8) ("It is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct.")

With respect to possession, as a general rule,

> possession of contraband may be joint or exclusive, and actual or constructive. Actual possession means knowing, direct physical control over something at a given time. For constructive possession, the standard is also well-understood: if a person has both the "power and the intention at a given time to exercise dominion or control" over a thing, then the person is in constructive possession of that thing.

---

[1] Because Palacio-Gregorio was only convicted on Count 5 of the indictment, we need not address the sufficiency of the evidence on the other counts. See *Kollie v. State*, 301 Ga. App. 534, 540 (3) (687 SE2d 869) (2009).

(Citation and punctuation omitted.) *Hill v. State* __ Ga. App. __ (860 SE2d 893) (2021).

Here, a law enforcement officer testified that he observed Palacio-Gregorio viewing child pornography on a cell phone in a car of which he was the sole occupant. When the officer shined a flashlight in Palacio-Gregorio's window, Palacio-Gregorio slid the phone in the console to hide it. After being granted consent to search the vehicle, the officer found the cell phone in the exact place he observed the defendant attempt to conceal it. When the officer retrieved the cell phone, child pornography was on the screen. This testimony was sufficient for the jury to conclude that Palacio-Gregorio was in possession of the cell phone. See *Nix v. State*, 354 Ga. App. 47, 50 (1) (839 SE2d 687) (2020). While Palacio-Gregorio argues that the phone was not his, the jury was free to disregard his explanation. See *Lowery v. State*, 264 Ga. App. 655, 657-658 (3) (592 SE2d 102) (2003).

Additionally, the officer who performed the forensic examination of the cell phone testified about the specific image which formed the basis for count 5. The officer testified that the image was found in the downloads folder of the SD card recovered from the phone identified the hash value of the image and the creation date for the photo. The officer further testified that in order for an image to be found in the

7

downloads file of the phone's SD card it would actually have to have been saved. Accordingly, there was sufficient evidence to authorize Palacio-Gregorio's conviction. See *New*, 327 Ga. App. at 95-96 (1); *Hunt*, 303 Ga. App. at 858-859 (2).[2]

2. Palacio-Gregorio contends that the trial court erred by admitting certain evidence.

(a) Other acts victim.

Palacio-Gregorio argues that the trial court erred by admitting evidence that he previously had sexual intercourse with a child and took partially nude photographs of the same child.

"In a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant." OCGA § 24-4-414 (a). 'Offense of child molestation'

---

[2] Palacio-Gregorio also contends that the State failed to prove venue beyond a reasonable doubt. The officer's testimony, however, established that Palacio-Gregorio viewed child pornography on the cell phone while parked at the hotel which was located in Gwinnett County. "Like any other fact, venue may be proved by circumstantial evidence, and it is enough if the fact of venue is properly inferable from all the evidence." (Citation and punctuation omitted.) *Boyd v. State*, 351 Ga. App. 469, 472 (2) (b) (829 SE2d 163) (2019). As discussed above, the jury was authorized to infer from the evidence presented that Palacio-Gregorio possessed the cell phone containing child pornography in Gwinnett County. See id.

includes sexual exploitation of children under OCGA § 16-12-100. See OCGA § 24-4-414 (d) (1). "This is a rule of inclusion, with a strong presumption in favor of admissibility." (Citation and punctuation omitted.) *Boyd v. State*, 351 Ga. App. 469, 473 (3) (829 SE2d 163) (2019). "Nevertheless, the evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." (Punctuation omitted.) Id.; see OCGA § 24-4-403. "But the exclusion of evidence under OCGA § 24-4-403 is an extraordinary remedy which should be used only sparingly." *Boyd*, 351 Ga. App. at 473 (3). We review a trial court's decision to admit evidence under OCGA § 24-4-414 for abuse of discretion. See id.

Palacio-Gregorio's entire defense was that the cell phone containing the pornography was not his. He claimed that the phone belonged to someone else who had ridden in the vehicle earlier in the day and that he phone found in his pocket when he was arrested was his only cell phone. Thus, the fact that Palacio-Gregorio previously pled guilty to molesting a child and the victim's testimony that Palacio-Gregorio took partially nude photographs of her when she was a child was highly probative of Palacio-Gregorio's motive. Under the facts and circumstances of this case and considering the strong presumption in favor of admissibility under both OCGA § 24-4-414 (a) and OCGA § 24-4-403, the trial court did not abuse its

9

discretion in admitting the other acts evidence. See *Boyd*, 351 Ga. App. at 473-474 (3); *Dixon v. State*, 341 Ga. App. 255, 262 (1) (b) (800 SE2d 11) (2017).

(b) 52 additional images and three videos.

Palacio-Gregorio argues that the trial court erred by admitting the additional images and videos found on the cell phone pursuant to OCGA § 24-4-404 (b).[3] We agree that the trial court erred by admitting the evidence under Rule 404 (b) because the photos and videos were intrinsic evidence and thus not subject to the limitations of Rule 404 (b).[4]

"The limitations and prohibition on other acts' evidence set out in Rule 404 (b) do not apply to intrinsic evidence." (Citation and punctuation omitted.) *Smith v. State*, 307 Ga. 263, 271 (2) (c) (834 SE2d 1) (2019). "Evidence is intrinsic when it is (1) an

---

[3] "Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." OCGA § 24-4-404 (b).

[4] We note that not only does the State fail to recognize that this particular evidence was intrinsic, the State also fails to cite any cases applying the "new" Evidence Code that went into effect in 2013. "Georgia lawyers do this Court no favors—and risk obtaining reversible evidence rulings from trial courts—when they fail to recognize that we are all living in a new evidence world and are required to analyze and apply the new law." *Davis v. State*, 299 Ga. 180, 192 (3) (787 SE2d 221) (2016).

uncharged offense arising from the same transaction or series of transactions as the charged offense; (2) necessary to complete the story of the crime; or (3) inextricably intertwined with the evidence regarding the charged offense." (Citation and punctuation omitted.) Id.

Though Palacio-Gregorio was not charged with the additional images and videos of child pornography recovered from the cell phone, they were uncharged offenses arising from the same transaction or series of events as the crimes charged in the indictment. See *Mosley v. State*, 307 Ga. 711, 715 (2) (838 SE2d 289) (2020); *Baughns v. State*, 335 Ga. App. 600, 603 (1) (782 SE2d 494) (2016). The only limitation on the admission of this evidence was that of OCGA § 24-4-403 and according to the facts and circumstances of this case, the trial court did not abuse its discretion in concluding that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice. See *Mosley*, 307 Ga. at 715 (2).

(c) Exhibit 61.

At trial, the State introduced Exhibit 61, a timeline which showed activity on the phone on the date of Palacio-Gregorio's arrest. The timeline showed that the cell phone was used to view pornographic websites. Many of the websites contained terms

known to be related to child pornography. Palacio-Gregorio argues that there was "no evidence" connecting him to the device and thus the trial court abused its discretions in admitting this evidence under OCGA § 24-4-404 (b).

This evidence, however, was also not evidence of other crimes, wrongs, or acts under OCGA § 24-4-404 (b). There was ample evidence connecting Palacio-Gregorio to the cell phone, especially considering that a law enforcement officer personally observed Palacio-Gregorio viewing child pornography on the device. Additionally, the extraction report which showed that the cell phone was accessed to view child pornography websites throughout the day of his arrest was relevant to the issues at trial and the trial court did not abuse its discretion in admitting the report.[5] See generally *Bannister v. State*, 306 Ga. 289, 300 (5) (a) (830 SE2d 79) (2019).

3. Palacio-Gregorio contends that his trial counsel provided ineffective assistance.

To prevail on an ineffective assistance of counsel claim, Palacio-Gregorio must prove both that his trial counsel's performance was deficient and that he was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U. S. 668,

---

[5] "[R[elevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OCGA § 24-4-401.

12

687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To establish prejudice, Palacio-Gregorio must show that "but for such deficient performance there is a reasonable probability that the result of the trial would have been different." *Sherman v. State*, 295 Ga. 339, 342 (2) (759 SE2d 832) (2014). "In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo." (Citation omitted.) *Washington v. State*, 276 Ga. 655, 658 (3) (581 SE2d 518) (2003).

"If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong." (Citation and punctuation omitted.) *Ward v. State*, 292 Ga. 637, 639 (2) (740 SE2d 112) (2013). "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case." (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

Palacio-Gregorio argues that his trial counsel was ineffective for failing to file a motion to suppress to challenge the search of the vehicle. "The failure to file a

13

motion to suppress does not constitute per se ineffective assistance of counsel; an appellant must make a strong showing that the evidence would have been suppressed had the motion been filed." *Millsap v. State*, 275 Ga. App. 732, 736 (3) (c) (621 SE2d 837) (2005). "Moreover, failure to file a futile motion to suppress does not constitute ineffective assistance." Id.

Here, the law enforcement officer testified that he observed Palacio-Gregorio viewing child pornography on the cell phone through the window of his vehicle. The officer further observed Palacio-Gregorio drop the cell phone in the vehicle's console. After Palacio-Gregorio granted consent to search the car, the officer retrieved the cell phone from the location in the vehicle where he saw Palacio-Gregorio drop it and found that the cell phone still displayed child pornography. The officer then seized the phone and placed in into an evidence bag and another officer obtained a search warrant prior to searching the phone.

Palacio-Gregorio has made no showing that a motion to suppress the search of his vehicle would have been successful and because the failure to file a futile motion does not amount to ineffective assistance of counsel, his argument fails. See *Ross v. State*, 313 Ga. App. 695, 697 (1) (b) (722 SE2d 411) (2012) *Millsap*, 275 Ga. App. at 736 (3) (c).

14

4. The State contends that the trial court erred by vacating Palacio-Gregorio's sentences on counts 1 through 4.

The issue is whether OCGA § 16-12-100 (b) (8) permits a defendant to be separately convicted and sentenced for each of the pornographic images he possessed. When we consider the question of whether a single course of conduct can result in multiple convictions,

> the doctrine of substantive double jeopardy is implicated, and the "unit of prosecution," or the precise act criminalized by the statute, must be identified. The Double Jeopardy Clause imposes few limits upon the legislature's power to define offenses. Whether a particular course of conduct involves one or more distinct "offenses" under the statute depends on this legislative choice. As we have said numerous times, the text of the statute itself best reflects that legislative choice.

(Citation and punctuation omitted.) *Edvalson v. State*, 310 Ga. 7, 8 (849 SE2d 204) (2020).

The Georgia Supreme Court has recently addressed this question in regards to the interpretation of possession of a firearm by a convicted felon under OCGA § 16-11-131 (b) and possession of digital images depicting a minor engaged in sexually explicit conduct under OCGA § 16-12-100 (b) (8). See *Coates v. State*, 304 Ga. 329,

15

331 (818 SE2d 622) (2018); *Edvaslson*, 320 Ga. at 10-11. In *Coates*, the Supreme Court determined that in OCGA § 16-11-131 (b) "the gravamen of the offense is the general receipt, possession, or transportation of firearms by convicted felons, rather than the specific quantity of firearms received, possessed, or transported," and thus the statute permits only one conviction for simultaneous possession of multiple firearms. *Coates*, 304 Ga. at 331-332. Likewise, in *Edvalson*, the Supreme Court concluded that "OCGA § 16-12-100 (b) (5) is unambiguous and permits only one prosecution and conviction for the simultaneous possession of multiple items of "visual media." 310 Ga. at 10.

While the Court in *Edvalson* interpreted a different subsection of OCGA § 16-12-100 (b), we are still constrained by both its reasoning and the reasoning of *Coates*. OCGA § 16-12-100 (b) (8) prohibits the possession of "any material" depicting a minor engaged in "any sexually explicit conduct." As in *Edvalson*, the term "any" in the phrase "any material" "must be interpreted as a quantitative term, implying no specific quantity and having no limit." *Edvalson*, 320 Ga. at 10. Accordingly, following the reasoning of *Edvalson* and *Coates*, the offense is the possession of any prohibited "material" whether that material included one image or 1000 images and thus we affirm the trial court's decision to vacate Palacio-Gregorio's

16

convictions on Counts 1 through 4.[6] See *McCurdy v. State*, ___ Ga. App. ___; (2) (860 SE2d 172) (2021) (holding that the defendant's sentences on multiple counts of sexual exploitation of children must be vacated and merged into one conviction where all counts were based on the defendant's concurrent possession of visual media found on a single device).

*Judgments affirmed. McFadden, P. J., and Phipps, Senior Appellate Judge, concur.*

---

[6] We recognize the depravity of possession of child pornography and the fact that in order for child pornography to exist, a horrific act must occur to each individual child and those children continue to be victimized each time their photograph is possessed, shared, distributed, manipulated, etc... Nevertheless, this Court is bound to interpret the laws as written by the Georgia Legislature, and that body alone has the power to amend the statute so as to allow multiple convictions for the simultaneous possession of multiple images containing child pornography should it choose to do so. If the statute can be modified to authorize multiple convictions for the simultaneous possession of multiple items of pornographic material it would be a job for the legislature.